# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIFDA
### PENSACOLA DIVISION

**MICHAEL HOGAN,**

**Plaintiff,**                                    **CASE NO. 3:18-cv-01332-MCR-CJK**

**v.**

**CITY OF FORT WALTON BEACH,**
**FLORIDA, and EDWARD J. RYAN,**
**individually,**

**Defendants.**

_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' DISPOSITIVE MOTION TO DISMISS THE CORRECTED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COMPLAINT FOR MONEY DAMAGES AND ALTERNATIVE MOTION FOR LEAVE TO AMEND COUNT II

Plaintiff, MICHAEL HOGAN, through counsel, pursuant to Rules 59(e) and 60(b), and to the inherent powers of this court, hereby moves for reconsideration of this Court's Order dismissing the Corrected Amended Complaint ("the Order") [ECF 25].  Alternatively, pursuant to Rules 15(a) and 16(b)(4), and the inherent powers of this Court, Plaintiff hereby moves for leave to file a Second Amended Complaint. This Motion for Reconsideration and Alternative Motion for Leave to Amend are supported by the attached memorandum and Exhibit A, a proffered Second Amended Complaint, all of which are here incorporated.

This motion is presented in the interest of justice, and not for the purpose of causing delay.

**MEMORANDUM**

**INTRODUCTION**

In this action by former police officer Michael Hogan against the City of Fort Walton Beach ("the City") and Edward J. Ryan, its police chief, arising out of his wrongful termination for actions ten years earlier and his wrongful stigmatization by Defendant as "*giglio*-impaired" [id.], following the filing of Defendants' Dispositive Motion to Dismiss the Corrected Amended Complaint for Declaratory Judgment and Complaint for Money Damages ("the Motion to Dismiss") [ECF 3], and of Plaintiff's Memorandum in Opposition thereto ("the Memorandum in Opposition") [ECF 10], on March 29, 2019, this Court entered an Order dismissing all remaining claims.  [ECF 25]. Plaintiff here seeks reconsideration and alternatively leave to amend his Count II substantive due process claim.

Plaintiff sets forth three principal arguments. First, based on the Order, procedural and substantive due process claims based on "property interests" have been treated as legally distinct from such claims based on "liberty interests," and based on such conclusion Plaintiff's substantive due process claim were dismissed for failing to mention or incorporate therein the phrase "liberty interest." Because

case authorities make clear that such interests are alterative elements of such claims rather than determinative of separate claims, upon reconsideration dismissal of Plaintiff's Count II substantive due process claim on this ground should be denied.

Second, Defendants argument under <u>McKinney v. Pate</u> were improperly considered by this Court.  Defendant raised the <u>McKinney</u> argument too late in its reply and regardless of whether Plaintiff requested leave to file a surreply, that argument was improperly considered by the Court.

Third, having identified a pleading deficiency in Count II, rather than dismissing with prejudice, this Court was required to dismiss on that basis without prejudice. Plaintiff requests herein that reconsideration be granted and that he be granted leave to amend Count II to state an infringed "liberty interest" as set forth in Count II of the proffered Second Amended Complaint, Exhibit A hereto.

## LAW AND ARGUMENT

**I.     This court should grant reconsideration and upon such reconsideration deny dismissal of Plaintiff's Count I and II procedural and substantive due process claims, and his Count VII conspiracy claim**.

    A.  <u>Plaintiff is entitled to an order altering and amending judgment under Rule 59(e).</u>

Reconsideration post-judgment is available under Rule 59(e).[1]

    B. <u>Upon reconsideration, this court should deny dismissal of Counts I and II.</u>

        1. *This court should reconsider Plaintiff's "liberty interest" argument, and based thereon deny dismissal.*

Plaintiff did not reference the word "liberty interest" in Count II- Substantive Due Process- of his Corrected Amended Complaint.  Rather than having to plead the phrase "liberty interest" in support of his substantive due process claims, it was sufficient that Plaintiff pled facts from which such an interest could be inferred.

The question is whether or not the phrase "liberty interest"—as opposed to facts alleging or determining an inference thereof--was required to be pled in support of Count II in order for Plaintiff to have stated a cognizable claim based thereon. As summarized below, federal law, and specifically the law of this circuit, does not require that phrase to have been pled.

Preliminarily, supportive or at the very least determinative of an inference of Plaintiff's liberty interest at issue in this lawsuit, in paragraphs of his Corrected

---

[1] Fed.R.Civ.P. 59(e), entitled "Motion to Alter or Amend a Judgment," reads as follows:

      A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

4

Amended Complaint [ECF 1-1, pp. 93-112] incorporated in Count II, Plaintiff pled that he "was improperly designated 'Giglo impaired'" [id., ¶ 32], and that "[d]ue to an officer's frequent duty to testify in various court proceedings, the Giglio designation is devastating, [and] has tainted, and continues to adversely impact, Plaintiff's career and reputation." [Id.].

While certain jurisdictions, including Florida, require "fact pleading," under Rule 8(a),[2] to state a cognizable claim under the "notice pleading" rubric applicable in federal courts, one must set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief."[3]

Addressing this requirement in its 2009 decision in <u>Ashcroft v. Iqbal</u>,[4] relying on its decision two years earlier in <u>Bell Atlantic v. Twombly</u>,[5] the Supreme Court informed both that the rule requires that "the plaintiff plead[ ] factual content

---

[2] Fed.R.Civ.P. 8, entitled "General rules of pleading," contains a Section (a), entitled "Claims for Relief," that reads in pertinent part as follows:

> A pleading that states a claim for relief must contain:
>
> ***
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief...

[3] <u>Id.</u>

[4] 556 U.S. 662 (2009).

[5] 550 US 544 (2007).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"[6] and, importantly for the consideration at bar, that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[7] As stated above, in allegations incorporated in Count II, Plaintiff pled facts supporting a "liberty interest," though did not specifically plead that "formulaic recitation..."

Moreover, recognizing the distinction between fact pleading and notice pleading, it has long been the law of this circuit that notice pleading under the federal rules does not require that a plaintiff identify the precise legal theory underlying his or her claim. The issue was addressed in the 1967 decision of the predecessor Fifth Circuit in Robertson v. Johnston.[8] Reversing district court dismissal, after informing that "[42 U.S.C.] Section 2000a-1 was not specifically relied upon by appellant, nor was it mentioned in the [district] court's opinion,"[9] the Robertson court reversed on the basis that "'[w]e see no reason why we should

---

[6] Iqbal, 556 U.S. at 678, emphasis added, citing and following Twombly.

[7] Id., excerpting and following Twombly.

[8] 376 F.2d 43 (5th Cir. 1967).

[9] Id., 376 F.2d at 44.

make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties.'"[10]

The point was succinctly made in the 1997 decision of the Eleventh Circuit in Brooks v. Blue Cross.[11] Relying on Robertson, the Brooks court held on this point as follows:

> A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. Robertson...[12]

Further, the absence of a requirement of pleading the precise statutory or other legal basis for a claim does not negate or undermine the Rule 8(a) notice requirement. Such was made clear by Fifth Circuit in its 1987 decision in Doss v. South Central Bell,[13] a decision relying upon and explaining the predecessor Fifth Circuit decision in Robertson. The Doss court opined as follows:

> The function of a complaint under the federal rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies... Thus, the fact that a

---

[10] Id., excerpting and following Smith v. Rice, 102 F.2d 492 (9th Cir. 1938), a decision excerpted and approved in Commissioner v. Chase, 259 F.2d 231 (5th Cir. 1958).

[11] 116 F.3d 1364 (11th Cir. 1997).

[12] Id., 116 F.3d at 1369, italics in original.

[13] 834 F.2d 421 (5th Cir. 1987), rehearing and rehearing *en banc* denied, 1988.

plaintiff pleads an improper legal theory does not preclude recovery under the proper theory... When presented with a Rule 12(b)(6) motion to dismiss, the district court must "examine the complaint to determine if the allegations provide for relief on any possible theory"...[14]

That said, in responding to the Motion to Dismiss, and again here, undersigned counsel has acted with an understanding of three aspects of a claim: (1) the existence thereof, (2) the elements thereof, and (3) the facts determinative thereof. As to the first, the existence of a claim is certainly required pled under Rule 8(a), addressed above, but based on case authorities cited above, the required notice of a claim does not require precise notice of the legal basis thereof.

As to the third aspect, under federal notice pleading, the law is clear that a plaintiff need not allege each and every factual predicate of a pled claim. In fact, the Eleventh Circuit, this court, and other district courts in this circuit have held even fact evidence contradictory of allegations set forth in an operative complaint fair game and admissible on summary judgment or at trial.[15] It does not appear that this third aspect is at issue at bar.

---

[14] Id., excerpting and following 5C Wright & Miller, *Federal Practice and Procedure* s. 1356; citing and following Conley v. Gibson, 355 U.S. 41 (1957), Robertson, Ogala v. Andrus, 603 F.2d 707 (8th Cir. 1979), and 2A Moore, *Moore's Federal Practice* Paragraph 8.14.

[15] Few v. Cobb County, 147 Fed.Appx. 69, 70 (11th Cir. 2005) ("The district court cited no authority for the proposition that deposition testimony of the plaintiff may be disregarded for summary judgment purposes if it contradicts an allegation in the

It is the second aspect of claims that is most important. Recognizing the existence of a "liberty interest" (and for that matter the existence of a "property interest") is an alternative <u>element</u> of a procedural or substantive due process claim, rather than one of two wholly separate claims, the law appears clear that in order to state a cognizable claim in federal court, one need not plead the satisfaction of every element thereof. In its 2010 decision in <u>Welch v. Theodorides</u>,[16] relying upon the 2002 Supreme Court decision in <u>Swierkiewicz v.</u>

---

complaint"); <u>Skelly v. Livingston County</u>, 2010 WL 1192515, *1 fn. 7 (N.D.Fla. 2010), Rodgers, J., vacated on other grounds, 415 Fed.Appx. 153 (11th Cir. 2011) ("When a party's deposition testimony contradicts the allegations in the complaint, the court must credit the latter testimony"); <u>Pritchard v. High Springs</u>, unpublished case no. 1:13-cv-00043-MW-GRJ, ECF 37, p. 3 (N.D.Fla. 2013), Walker, J., ("this case is readily distinguishable from the cases cited by defendant for the proposition that new claims may not be added after the deadline to amend and/or in response to a motion for summary judgment.  Instead, this case involves the exact same claims with one misstated fact. Plaintiff is not necessarily bound by the facts as originally pled..."); <u>see also</u> <u>Hodges v. School Board of Orange County</u>, 2012 WL 5457427, *6 fn. 11 (M.D.Fla. 2012) ("The court denied defendant's motion to strike the 2008 piping project allegation, determining that it was an additional factual example of an existing claim, and not an additional statutory basis for relief from defendant"); <u>Scelta v. Delicatessen Support</u>, 71 F.Supp.2d 1222, 1225 (M.D.Fla. 1999) ("Defendant Martin states that summary judgment is warranted because: (1) 'plaintiff's testimony at a hearing against Delicatessen Support... is necessarily inconsistent with plaintiff's complaint'... The court notes that the seemingly inconsistent statements made by plaintiff, and pointed out by defendant Martin, are just the type of statements that create a genuine issue of material fact"). Cf. <u>Gonzales v. Pasco County</u>, 2013 WL 179948, *3 (M.D.Fla. 2013) (granting the defendant summary judgment following denial of leave to amend because "Gonzales moved to amend the complaint to add a FMLA interference claim").

[16] 677 F.Supp.2d 1283 (N.D.Fla. 2010).

Sorema,[17] this court addressed the Rule 8 pleading requirement devolving upon plaintiffs as follows:

> A complaint thus "does not need detailed factual allegations"… Nor must a complaint allege with precision all of the elements of a cause of action…
>
> \*\*\*
>
> The first amended complaint alleges that the defendants disclosed the information for no permissible purpose and that the information wound up on the internet. If that is true, the plaintiff will be entitled to recover.[18]

That said, initially, and again respectfully, in excerpting the 2006 decision of the Eleventh Circuit in Arrington in the Order [ECF 25, p. 6], this court listed "'a deprivation of a constitutionally-protected liberty or property interest'" as one of "'three elements'" of a procedural due process claim [id., excerpting Arrington, emphasis added], and it is difficult to conceive of a rationale as to why such protected interests would be otherwise—other than mere elements—in connection with a substantive due process claim.

In that regard, in the 1972 decision of the Supreme Court in Board of Regents v. Roth,[19] a decision recognizing that "[t]he requirements of procedural due process apply... to the deprivation of interests encompassed by the Fourteenth

---

[17] 534 U.S. 506 (2002).

[18] Welch, 677 F.Supp.2d at 1285, 1287, citing and following Swierkiewicz.

[19] 408 U.S. 564 (1972).

Amendment's <u>protection of liberty and property</u>,"[20] earlier on the same page of the court's decision, in what would appear to be a paragraph summarizing the lawsuit and the claims therein, the court was most general in describing the claim for procedural due process, mentioning <u>neither</u> a subject liberty interest <u>nor</u> a subject property interest. That paragraph, in its entirety, reads as follows:

> The respondent then brought this action in federal district court alleging that the decision not to rehire him for the next year infringed [upon] his Fourteenth Amendment rights. He attacked the decision both in substance and [in] procedure. First, he alleged that the true reason for the decision was to punish him for certain statements critical of the university administration, and that it therefore violated his right to freedom of speech. Second, he alleged that the failure of university officials to give him notice of any reason for nonretention and an opportunity for a hearing violated his right to procedural due process of law.[21]

In the 2015 decision of the Northern District of Georgia, affirmed by the Eleventh Circuit, in <u>Hutchinson v. Titus</u>,[22] just as at bar, the court addressed claims of substantive and procedural due process. Recognizing that in the Second Amended Complaint, the plaintiffs in fact alleged in support both of their Count I substantive due process claim and of their Count III procedural due process claim,

---

[20] <u>Id.</u>, 408 U.S. at 568.

[21] <u>Id.</u>, 408 U.S. at 468-469.

[22] 2015 WL 1401402 (N.D.Ga. 2015) ("<u>Hutchinson I</u>"), aff'd 627 Fed.Appx. 905 (11th Cir. 2015) (*per curiam*) ("<u>Hutchinson II</u>"), cert. den'd 137 S.Ct. 126 (2016).

in conclusory fashion, "an unlawful deprivation of liberty and property interests" and that "Plaintiffs have a liberty and property interest [sic]", for the purpose of this Motion for Reconsideration, the more important point is that the district court treated the allegations to support <u>a single substantive due process claim</u>—rather than multiple such claims--and likewise <u>a single procedural due process claim</u>, as follows:

> ...In the original complaint, plaintiffs allege that defendants (1) violated the substantive and procedural components of the due process clause by terminating plaintiffs' contract with STG...

> \*\*\*

> On February 26, 2014, the court granted plaintiffs' motion to file an amended complaint. That day, plaintiffs filed their amended complaint to include claims against a Doe defendant based on the deprivation of a property and liberty interest, under the due process clause...

> On March 14, 2014, plaintiffs moved to file a second amended complaint, which, on March 18, 2014, the court granted.... Count I of the second amended complaint alleges that defendants violated plaintiffs' substantive due process rights in violation of the due process clause by "interfering with plaintiffs' interest in working on current and future contracts and other (federal) projects"...

> \*\*\*

> In Count III of the second amended complaint, plaintiffs allege that defendants violated plaintiffs' procedural due process right to bid and work on contracts for FOH and other federal agencies by "wrongfully accusing

> Hutchinson of a HIPAA violation and data security
> breach, which resulted in FOH's termination of HC's
> contract"...[23]

Further, in <u>Hutchinson II</u>, consistent with authorities set forth above, in summarizing the appeal before it, the Eleventh Circuit made clear that the pertinent issue was "[w]hether plaintiffs pleaded <u>facts</u> sufficient to allege deprivation of a property [liberty] interest in violation of the substantive component of the due process clause...,"[24] and "[w]hether plaintiffs pleaded <u>facts</u> sufficient to allege deprivation of a property and liberty interest without adequate process in violation of the due process clause...,"[25] rather than whether or not the plaintiffs set forth the legalistic phrases "property interest" and "liberty interest."

Further, while the undersigned's research did not reveal a published decision of or within the Eleventh Circuit addressing a Motion to Dismiss in a due process case in circumstances in which an operative pleading did not include one or both of the phrases "liberty interest" and "property interest," federal cases on this point from outside the Eleventh Circuit have uniformly determined the availability of

---

[23] <u>Id.</u>, 2015 WL 1401402 at *2-3, parenthetical in original.

[24] <u>Hutchinson II</u>, 627 Fed.Appx. at 906.

[25] <u>Id.</u>, emphasis added.

dismissal based on facts pled and inferences drawn therefrom, rather than on the

basis of failures to plead such legalistic conclusions.[26]

---

[26] <u>Houston KP v. City of Houston</u>, 2015 WL 12732864, *10-12 (S.D.Tex. 2015) (in an action in which the phrase "liberty interest" does not appear in the operative first amended complaint, opining as follows: "In its motion [to dismiss], the city claims that plaintiff has not pled a due process violation... It contends that plaintiff does not have a fundamental right to operate a sexually oriented business, and, thus has not stated a due process claim... In this case, <u>plaintiff's amended complaint refers to its due process rights without specifying either the procedural or substantive component or the property right involved</u>. The city argues that plaintiff has not pled a due process violation because it has not identified a fundamental right... The city argues that plaintiff has not pled any process that it was entitled to receive but was denied... <u>In support of a liberty or property interest, plaintiff has pleaded that the city's agreement with certain clubs constitutes a de facto licensing scheme</u>. Plaintiff argues that it was denied the de facto license and that such denial, without due process, was unlawful. <u>Plaintiff thus argues that it had a liberty interest in a license</u>... The court cannot say, as a matter of law, that plaintiff cannot prove any set of facts showing that a liberty interest was violated... <u>Plaintiff has thus pled the deprivation of a liberty interest</u> without timely and adequate due process" [emphasis added]); <u>Case v. Anderson</u>, 2017 WL 3701863, *15 (S.D.N.Y. 2017) (in an action in which neither the phrase "liberty interest" nor the phrase "property interest" is set forth in the second amended complaint, nonetheless holding that "[b]ecause <u>the court has already determined that ignoring the order as alleged would violate Mr. Pankey's liberty interests</u>, it declines to decide whether Mr. Pankey had a separate protected property interest in the enforcement of the order such that failure to enforce the order was, on its own, a violation of his substantive due process rights" [emphasis added]); <u>Hayes v. City of Wilmington</u>, 451 F.Supp. 696, 703, 705 (D.Del. 1978) ("In Count I of the complaint plaintiff asserts that defendants have violated his constitutional rights in essentially three ways. First, he challenges his suspension on procedural due process grounds... The third and final federal claim relates to the penalty imposed on the plaintiff. He argues that both the magnitude of the penalty and the option to work 1,000 hours without pay were unreasonable and therefore violative of substantive due process... In considering plaintiff's procedural due process claim, the court must address... whether plaintiff was deprived of a property or liberty interest sufficient to invoke the procedural protections afforded by the due process clause"); <u>Whitmore v. Hill</u>, 456 Fed.Appx.

Further still, while the court did not explicitly apply to its reading of the Corrected Amended Complaint the doctrine *expressio unius est exclusion alterius* (when one or more things of a class are mentioned, others of the same class are excluded), such application may be implicit in the Order. However, the undersigned's research did not reveal a single published decision applying that doctrine <u>to pleadings</u>, and the same would appear inconsistent with the liberal rule for construction of pleadings set forth by the Supreme Court in <u>Iqbal</u>.[27]

Thus, respectfully, upon reconsideration this court should rule that Plaintiff's failure to include or incorporate the phrase "liberty interest" within Count II of the Corrected Amended Complaint was an improper basis upon which to dismiss his substantive due process claim, and therefore should deny dismissal of that claim.

2. *Dismissing Count I was premature and improper.*

In his Memorandum in Opposition to the Defendant's Motion to Dismiss, Plaintiff set forth authorities in support of the proposition that Plaintiff has both a

---

726, 729 (10th Cir. 2012) ("<u>We will assume that a fine implicates Whitmore's property interests</u> protected by due process" [emphasis added]).

[27] <u>Iqbal</u>, 556 U.S. at 680 ("Under <u>Twombly</u>'s construction of Rule 8, we conclude that respondent's complaint has not 'nudged (his) claims' of invidious discrimination across the line from conceivable to plausible" [parenthetical in original]). See <u>Hawkins v. Fulton County</u>, 95 F.R.D. 88, 91 (N.D.Ga. 1982) ("reading the complaint in the broad and expansive manner that is required in civil rights and employment discrimination actions...").

property and stigma plus liberty interest in the combination of the termination of his employment and his reputational injury as a *Giglio*-impaired law enforcement officer.  It was error for the Court to consider issues not raised in the original Motion to Dismiss and raised for the first time in a Reply, which Plaintiff objected to.  [See ECF 13].

First, this court accepted and considered in support of dismissal of Plaintiff's Count I procedural due process claim Defendants' "adequate state remedies" argument under the 1994 Eleventh Circuit decision in McKinney v. Pate[28] [ECF 25, pp. 9-13], an argument presented for the first time in Defendant's Reply Brief [ECF 18]. Recognizing the need to explain such consideration, in a footnote this court stated, based on the 2011 decision in Stone v. Dewey,[29] that "[t]he court will nonetheless consider Defendants' arguments because Hogan made no effort to file a sur-reply and because his response, which raised liberty-based claims that were not clearly pled in his complaint, required Defendants to raise new arguments addressing those claims" [ECF 25, p. 10 fn. 2, citing Stone, in turn citing First Specialty Insurance v. 633 Partners[30]]. Respectfully, case law does not require

---

[28] 20 F.3d 1440 (11th Cir. 1994).

[29] 2011 WL 2784595 (N.D.Fla. 2011), Paul, Sr.J.

[30] 300 Fed.Appx. 777 (11th Cir. 2008).

Plaintiff to have responded to such argument first made in reply, and this court should not have considered it on dismissal.

Addressing this crucial point, Plaintiff first points out that notwithstanding having referenced his liberty interest in connection with Count I in the Corrected Amended Complaint [ECF 1-1, pp. 93-112], in its Order allowing leave to reply in support of dismissal [ECF 16], in granting limited leave to reply, "the court f[ound] that 'extraordinary circumstances' exist such to permit Defendants to file a limited reply to address Plaintiff's alleged liberty interest claims." [Id., p. 2, emphasis added]. Recognizing that Defendants' "adequate state remedies" argument was— and remains—equally applicable to Plaintiff's procedural due process "property" interest as opposed to a "liberty" interest, this argument could and should have been made in Defendants' original motion, and is clearly beyond the limited scope of leave granted to file the reply.

Further, even if the new "adequate state remedies" argument had been within the scope of this court's grant of leave—and it was not—the Stone decision relied upon by this court—and the Eleventh Circuit decision in First Specialty relied upon in Stone—addressed the propriety of granting requested leave to sur-reply, rather than the propriety of the district court's consideration of arguments first raised in a reply in connection with which a party has chosen not to seek leave to surreply.  There is no case located by the Plaintiff requiring a plaintiff to file a

Motion for Leave to file a Surreply especially under circumstances such as these when there was an objection to leave to file a reply in the first place [ECF 13] and the Defendant exceeded the scope of leave to reply granted by this Court.  The legal standard for filing a surreply is "extraordinary circumstances", which replaced the prior "good cause" standard set forth in pre-amendment Loc.R. 7.1(C)(2), and by its plain meaning served to heighten the standard applicable to leave to reply.  There is no guarantee that a Motion for Leave to File a Surreply would have been granted in light of this standard.  But more importantly, the new argument raised in the Reply by the Defendants for the first time should never have been considered by this Court.

Both the Eleventh Circuit and district courts therein have addressed the propriety of raising new arguments in a reply, and have held such arguments not properly raised and that they should not be considered. In its 1994 decision in U.S. v. Coy,[31] the Eleventh Circuit so held, as follows:

> We note that Reilly's reply brief, for the first time, attempts to raise the improper restriction of cross-examination argument. Arguments raised for the first time in a reply brief are not properly before a reviewing court.[32]

---

[31] 19 F.3d 629 (11th Cir. 1994).

[32] Id., 19 F.3d at 632 fn. 7, citing and following U.S. v. Oakley, 744 F.2d 1553 (11th Cir. 1984). See Herman v. NationsBank, 126 F.3d 1354, 1364 (11th Cir. 19979), citing and following Coy ("NationsBank did not raise the issue before this court until it submitted its reply brief. Under these circumstances, we decline to decide

Likewise, in its 2008 decision in <u>Caicedo v. U.S.</u>,[33] the Middle District of

Florida held as follows:

> ...The petitioner attempts to raise several additional
> arguments in his reply to the government's response. For
> example...
>
> These arguments were inappropriately raised since the
> government has not had an opportunity to respond.[34]

And directly on point, in its 2016 decision in <u>Bibby v, Mortgage Investors</u>,[35]

the Northern District of Georgia made crystal clear that even when a respondent is

permitted to surreply, he or she need not address arguments raised for the first time

in a reply brief, as follows:

> The court notes that relators had no obligation (including
> in their surreply) to respond to footnote 2 of MIC's reply
> brief, which... asserted that relators had waived or
> forfeited their FCA claims against Edwards...[36]

whether an agency's interpretation of a statute deserves less deference due to the
invocation of the deliberative process privilege").

[33] 2008 WL 3889716 (M.D.Fla. 2008).

[34] <u>Id.</u>, 2008 WL 3889716 at *3-4. See <u>Newsome v. Barnhart</u>, 444 F.Supp.2d 1195,
1203 fn. 7 (M.D.Ala. 2006), citing and following <u>McCulley v. Allstates</u>, 2005 WL
1465314 (S.D.Ala. 2005) ("In his reply brief, plaintiff argues for the first time that
because plaintiff was referred to Dr. Handal by Dr. Ramsey, the 'record might
have been incomplete as it does not contain any record from Dr. Ramsey'... The
court declines to consider this new argument, to which the commissioner did not
have an opportunity to respond").

[35] 2016 WL 10998850 (N.D.Ga. 2016).

[36] <u>Id.</u>, 2016 WL 10998850 at *4 fn. 5, parenthetical in original.

This court should rule likewise.

Finally, in addressing Plaintiff's Count I procedural due process claim, the Court relied upon case authorities adjudicated on summary judgment or subsequent evidentiary records. Upon reconsideration, Plaintiff asks this court to defer such considerations until an evidentiary record is properly before it, and as such upon reconsideration should deny dismissal of Plaintiff's Count I procedural due process claim.

C. Upon reconsideration, this court should also deny dismissal of Plaintiff's Count VII conspiracy claim.

In addressing Plaintiff's Count VII, §1985 conspiracy claim in the Order [ECF 25, pp. 17-20], it appears that dismissal thereof was based on the fact that Plaintiff has "failed to identify an underlying constitutional right that was violated" [id., p. 19], *i.e.*, on the fact that both the Count I procedural due process and the Count II substantive due process claims were dismissed. In the event that upon reconsideration this court denies dismissal of one or both thereof, this basis for dismissing Count VII will be removed, and dismissal thereof should also be denied.

That said, absent reconsideration and denial of dismissal of one or both due process claims, Plaintiff asks this court to consider the conspiracy claim under his

alternative Motion for Leave to Amend set forth in Section II below, and that claim is set forth as Count III in Plaintiff's proffered Second Amended Complaint, Exhibit A hereto.

## II.    Alternatively, this court should grant leave to amend Count II.

If this court were to deny reconsideration, or upon reconsideration were to affirm its earlier dismissal of Plaintiff's Count II substantive due process claim, Plaintiff requests, in the alternative, that he be granted leave to amend that claim, for the purpose of pleading therein infringement of his "liberty interest." A proffered Second Amended Complaint including this claim in Count II is attached hereto as Exhibit A.

In support of its ruling that "Plaintiff's claims against Defendants are dismissed with prejudice" [ECF 25, p. 22], in a partial explanation set forth in a footnote respectfully conflating the notions of prejudice and leave to amend, relying upon the 2002 *en banc* decision of the Eleventh Circuit in Wagner v. Daewoo,[37] this court held as follows:

> Count II is dismissed with prejudice for the reasons
> discussed herein and because Hogan never filed a motion
> to amend his Amended Complaint nor requested leave to
> amend Count II. See Wagner...

---

[37] 314 F.3d 541 (11th Cir. 2002) (*en banc*).

[Id., fn. 30].[38]

First addressing the Eleventh Circuit's decision in <u>Wagner</u>, interestingly, while that court mentioned the phrase "leave to amend" twenty-three (23) times it set forth the word "prejudice" but once,[39] and that single usage was in its excerpt of its 1991 decision in <u>Bank v. Pitt</u>,[40] a decision it expressly overruled.[41] Thus, it is clear that the <u>Wagner</u> decision in no manner precluded this court's dismissal without prejudice, with an accompanying order that judgment be delayed for a period sufficient to allow Plaintiff to seek leave to amend.[42]

Moreover, even in connection with leave to amend subject of its decision in <u>Wagner</u>, while ruling in support of the integrity of appeals that "[a] district court is

---

[38] The court was of course correct both that Plaintiff did not seek leave to amend his Corrected Amended Complaint in response to the Motion to Dismiss, and that even without a formal motion for leave set forth an alternative request "to cur[e any] such insufficiency by amendment" only in connection with his Count VII conspiracy claim [ECF 10, p. 27]. However, respectfully, Plaintiff's failure to informally request amendment of Count II is irrelevant, based on the case law excerpted in the paragraphs to follow.

[39] <u>Id.</u>

[40] 928 F.2d 1108 (11th Cir. 1991) (*per curiam*).

[41] <u>Wagner</u>, *supra*.

[42] <u>Sarhan v. Board of Trustees</u>, 2017 WL 6569468, *1 (S.D.Fla. 2017) (granting post-dismissal application for leave to amend); <u>see</u> <u>Inge v. Rock Financial</u>, 281 F.3d 613, 625 (6th Cir. 2002) (recognizing the legal propriety of a "post-dismissal request to file a third amended complaint").

not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court,"[43] in overruling prior Eleventh Circuit law underlining requiring the *sua sponte* grant of leave to amend, the underlining Wagner court neither stated nor implied an instruction, or even a preference, that trial courts refuse leave not moved for in advance of dismissal. And subsequent decisions, both of the Eleventh Circuit and of this court, have articulated a precisely opposite preference.

That said, first as to a trial court's ability—and Eleventh Circuit preference—to allow amendment in the absence of a motion for leave to amend, the issue was addressed by the Eleventh Circuit in its 2016 decision in Carollo v. Boria.[44] While a review of the district court docket demonstrates that a motion to amend the operative amended complaint was never filed in that case, the Eleventh Circuit ruled as follows:

> After careful review, we affirm the district court in part...
> We remand with instructions to grant Carollo leave to
> amend his complaint to cure the defects we identify and
> then to proceed to discovery.[45]

---

[43] Id., 314 F.3d at 542, emphasis added.

[44] 833 F.3d 1322 (11th Cir. 2016), affirming in pertinent part denial of dismissal by the Southern District of Florida in Case No. 1:14-cv-23980-UU.

[45] Id., 833 F.3d at 1325.

Second as to the impropriety of dismissal at bar <u>with prejudice</u>, in its 1995 decision reversing in pertinent part dismissal with prejudice in <u>Welch v. Laney</u>,[46] the Eleventh Circuit made clear that dismissal with prejudice is not appropriate when a pleading deficiency may be cured, opining as follows:

> ...[I]n light of the [county] commission's statutory authority [under Alabama law] to set salary ranges for sheriff's department employees, Sheriff Laney could have been exercising the county's authority in setting Welch's salary and the Cullman County Commission could be liable for these acts of the sheriff...
>
> In light of the county commission's potential liability for the acts of Sheriff Laney, the district court erred in dismissing Welch's s. 1983 claims against the commissioners [with prejudice]. If Welch had been allowed to amend that portion of her complaint, a more carefully drafted version might have stated a s. 1983 claim against the commissioners upon which relief could be granted... The district court therefore erred in dismissing Welch's s. 1983 claims against the commissioners in their official capacity with prejudice...[47]

And in its 2012 decision in <u>Bloom v. Alvereze</u>,[48] relying on <u>Welch</u>, while ultimately affirming dismissal with prejudice, the Eleventh Circuit did so <u>only</u> based on the following:

---

[46] 57 F.3d 1004 (11th Cir. 1995).

[47] <u>Id</u>., 57 F.3d at 1009.

[48] 498 Fed.Appx. 867 (11th Cir. 2012).

> After a district court grants an opportunity to amend and
> identifies the pleading's deficiencies, if the plaintiff fails
> to submit a proper pleading, dismissal with prejudice is
> appropriate. See, *e.g*., <u>Welch</u>...[49]

And most compelling, in the 2013 decision in <u>Petrano v. Old Republic</u>,[50] in

reviewing the procedural history of the action before it, this court referenced its

earlier grant of dismissal of the original complaint without prejudice and with

leave to amend, even in the absence of a motion for leave—or in the case of a

motion to dismiss an original complaint, in the absence of a filed amendment—as

follows:

> ...On June 13, 2012, the magistrate judge recommended
> dismissal of the original complaint with leave to amend,
> on grounds that it was an improper shotgun pleading,
> failed to state a claim, intermingled multiple unrelated
> claims and defendants, and contained many frivolous
> allegations and factually unsupported and unrelated
> claims....[51]

---

[49] <u>Id.</u>, 498 Fed.Appx. at 884, emphasis added, citing and following <u>Welch</u>.

[50] 2013 WL 1325030 (N.D.Fla. 2013).

[51] <u>Id.</u>, 2013 WL 1325030 at *1; <u>see</u> <u>Sarhan</u>, 2017 WL 6560468 at *2 fn. 5, citing
and following <u>Bloom</u> and <u>Welch</u> ("The court notes that plaintiff has had four
opportunities to adequately plead his claims and serve the defendant, but has
repeatedly failed to comply with the court procedural rules. Any additional failure
to properly plead his claims may result in dismissal with prejudice"); <u>Simpson v.
Sanderson</u>, 2012 WL 4049435, *16 (M.D. Ga. 2012), citing and following <u>Welch</u>
("For the foregoing reasons, the court grants defendants' motion to dismiss...
However, plaintiffs will be given the opportunity to file an amended complaint to
remedy the insufficiencies outlined in this order"); <u>Mullinax v. United</u>, 2011 WL
4085933, *13 (N.D.Ga. 2011), citing and following <u>Welch</u> ("Because a more
detailed description of the alleged misrepresentations and omissions would satisfy

Plaintiff recognizes that in this Court's Final Scheduling Order and

Mediation Referral [ECF 15], a deadline of December 1, 2018 was set for

Plaintiff's amendment to pleadings [id., p. 2], and that pursuant to Rule 16(b)(4),[52]

a scheduling order "may be modified only for good cause..."[53] Plaintiff further

recognizes that in its 1998 decision addressing the Rule 16(b)(4) "good cause"

---

Rule 9(b), plaintiff shall have an opportunity to amend"). Cf. Littles v. Lilly, 2010 WL 5399215, *11 (N.D.Fla. 2010), Timothy, M.J., report and recommendation adopted 2010 WL 5395824 (N.D.Fla. 2010), Rodger, J., citing and following Welch ("dismissal of plaintiff's claims against the Florida defendants should be with prejudice, since the court previously advised plaintiff of the deficiencies in his constitutional claims and provided him an opportunity to amend the complaint"); O'Connor v. Carnahan, 2012 WL 2201522, *7 (N.D.Fla. 2012), Timothy, M.J., report and recommendation adopted 2012 WL 2317546 (N.D.Fla. 2012), Stafford, Sr.J., citing and following Welch ("even considering the substance of plaintiff's allegations, the court concludes that the majority of his claims fail to state a claim for relief and should be dismissed with prejudice. See Welch... (noting that dismissal for failure to state a claim may be with prejudice if plaintiff was given an opportunity to amend the complaint)" [parenthetical in original]); Parham v. DOC, 2017 WL 3758810, *1 fn. 1 (M.D.Ga. 2017), citing and following Bloom, in turn citing and following Welch ("If this dismissal is effectively with prejudice [because of the statute of limitations], dismissal is nonetheless appropriate because the plaintiff was informed that his initial complaint failed to state a claim, advised of the insufficiencies in his complaint, and ordered to file an amended complaint, which he did but that also failed to state a claim").

[52] Fed.R.Civ.P. 16, entitled "Pretrial conferences; scheduling; management," contains a Section (b), entitled "Scheduling," that in turn contains a Subsection (4), entitled "Modifying a Schedule," that reads as follows:

> A schedule may be modified only for good cause and
> with the judge's consent.

[53] Id.

standard for modifying a scheduling order in <u>Sosa v. Airprint</u>,[54] the Eleventh

Circuit held that "[t]his good cause standard precludes modification unless the

schedule cannot 'be met despite the diligence of the party seeking extension.'"[55]

That said, again respectfully, it appears clear that the combination of this

court's lengthy deliberation before ruling on the Motion to Dismiss, coupled with

the Court's position set forth in the Order in connection with Plaintiff's substantive

due process claims finding that his "liberty interest" infringement claim was not

included in Count II, although Plaintiff believed that it was included, the delay in

seeking to amend until after the announcement of the Order [ECF 25] does not

detract from his exercise of diligence.  He did not know that the Court was going to

find that the liberty interest was not included in Court II nor that he needed to

amend until the Order was entered.

In its 2009 decision in <u>Brown v. Sheriff's Office</u>,[56] the Eleventh Circuit

affirmed dismissal under Rule 16(b)(4) based on an absence of diligence, <u>only</u>

based on procedural facts described as follows:

> ...[While] the dismissal occurred three and a half months
> after the deadline for amendment of the pleadings
> imposed by the court's scheduling order[, a]t that time,

---

[54] 133 F.3d 1417 (11th Cir. 1998).

[55] <u>Id.</u>, 133 F.3d at 1418, emphasis added, excerpting the advisory committee's note
to Rule 16.

[56] 342 Fed.Appx. 552 (11th Cir. 2009).

Brown had not responded to the sheriff's office's motion
to dismiss with a proposed amendment to the complaint.
Neither had she made any attempt to show good cause
for her failure to amend her admittedly deficient fourth
amended complaint within the period allowed by the
court's scheduling order. These facts present sufficient
bases for dismissal with prejudice.[57]

In a decision on procedural facts closest to those at bar, in its 2002 decision

in Inge, the Sixth Circuit reversed Rule 16(b)(4) denial of leave to amend on the

basis that a party's diligence should not be viewed to have been compromised by a

surprise ruling on dismissal, as follows:

Insofar as the district court relied on Rule 16(b) as a basis
for denying plaintiff's request for leave to amend, we
conclude that the district court abused its discretion.
Pursuant to Rule 16(b), a scheduling order establishing
deadlines for matters such as joinder and amendments to
pleadings "shall not be modified except upon a showing
of good cause..."... "The primary measure of Rule 16's
'good cause' standard is the moving party's diligence in
attempting to meet the case management order's
requirements"...

The district court found an absence of good cause under
Rule 16(b) because plaintiff sought to remedy matters
giving rise to dismissal of her second amended
complaint...

Under the circumstances of this case, we believe that
plaintiff presented good cause for requesting leave to
amend after the expiration of the December 1, 1999
deadline in the scheduling order. Defendant first raised
the issue of the $100 tolerance provision in its November

---

[57] Id., 342 Fed.Appx. at 554, citing Sosa.

> 5, 1999 motion to dismiss the first amended complaint.
> Even a cursory examination of defendant's brief in
> support of that motion and subsequent reply brief seeking
> dismissal of the second amended complaint reveals no
> citation of authority... When she moved to amend a third
> time, just days after the dismissal order, plaintiff
> effectively brought the absence of authority to the district
> court's attention... Given the district court's view of the
> tolerance provision as a legal bar to plaintiff's TILA
> claim as well as the dearth of authority presented prior to
> the district court's April 11 dismissal order, we do not
> believe plaintiff failed to act diligently in seeking to file
> an additional amended pleading several months after
> expiration of the deadline in the scheduling order.
> Further, because plaintiff's request to amend was a
> prompt effort to remedy pleading deficiencies identified
> by the district court in the dismissal order—as opposed to
> an effort to add new claims or parties—we envision no
> prejudice to defendant from granting leave to amend...
> We conclude that the district court abused its discretion
> in denying leave to amend based on the absence of good
> cause.[58]

This court should rule likewise, and in the alternative to reconsideration and reversal of earlier dismissal, should grant leave for Plaintiff's amendment of his Count II substantive due process claim.

---

[58] Inge, 281 F.3d at 615, 626, citing Parker v. Columbia, 204 F.3d 326 (2d Cir. 2000) (for recognizing the Sixth, Second, "Eighth, Ninth, and Eleventh Circuits... construing 'good cause' as depending on the movant's diligence"); see Fraunhofer v. Sirius, 2018 WL 3425012, *4 fn. 4 (D.Del. 2018) ("In the present case, the March 29, 2018 report and recommendation remains pending before the district judge, and no final judgment has been entered, further buttressing the court's finding of diligence under Rule 16(b)(4)...").

## CONCLUSION

Accordingly, based on authorities set forth above, Plaintiff's Motion for Reconsideration or Alternative Motion for Leave to Amend his Count II substantive due process claim, should be granted.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF WORD COUNT AND FONT

I HEREBY CERTIFY that this motion contains 7,341 words and is typed in 14-point font.

/s/ Marie A. Mattox
Marie A. Mattox

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that counsel for Defendants has been consulted and does not consent to the relief sought herein.

/s/ Marie A. Mattox
Marie A. Mattox

30

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served via CM/ECF on this 26th day of April, 2019 to all counsel of record.

<u>/s/ Marie A. Mattox</u>
Marie A. Mattox