[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12294
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-01332-MCR-HTC

MICHAEL HOGAN,

                                                                    Plaintiff-Appellant,

versus

CITY OF FORT WALTON BEACH,
EDWARD J. RYAN,
in his official and individual capacity,

                                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 1, 2020)

Before BRANCH, LUCK, and FAY, Circuit Judges.

PER CURIAM:

Michael Hogan appeals the district court's orders dismissing his complaint and denying his motion for reconsideration in favor of the City of Fort Walton Beach and its former police chief, Edward J. Ryan. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hogan worked as a police officer for the City of Fort Walton Beach. In 2006, one of Hogan's arrestees was found lying in a pool of blood in a cell at the police station. Sergeant Tom Matz was supposed to be watching the arrestee. Hogan asked Matz what happened, and Matz said, "I didn't see it." As a joke, Hogan later put the name "Det. Sgt. Tom 'I didn't see it' Matz" in the signature block of a formal legal document. The joke went unnoticed until after the document had already been filed in court. Hogan was disciplined for the joke and then resumed his normal duties as an officer.

In July 2016, Hogan applied for an open captain position with the city police department. Hogan was interviewed by Ryan, the newly sworn chief of police. Ryan asked Hogan about his disciplinary history but did not ask about the 2006 incident with Matz. Ryan ultimately hired Tracy Hart for the position.

Shortly after, Hart called Hogan to meet with Ryan at the police department. At the meeting, Ryan served Hogan with a notice of disciplinary hearing scheduled

for the following day.  Hogan appeared for the hearing with a union legal representative and was immediately terminated.  Hogan stated that his rights had been violated and demanded the basis for his termination.  Ryan said that the decision was made based on Hogan's 2006 disciplinary file, a letter that Ryan had sent to the state attorney's office, and an opinion letter he received in response.  Hogan asked for a copy of the relied-upon documents, and Ryan said he would provide them.  Two days later, Hogan received the documents and filed a request for a disciplinary appeal hearing.

Ryan's letter to the state attorney's office solicited an opinion regarding Hogan's capacity to serve as a witness in criminal proceedings.  Referring to the 2006 incident with Matz, Ryan wrote that Hogan had a "substantiated case of making false statements concerning an employee during an internal investigation."  In response, the state attorney's office wrote an opinion letter that essentially rendered Hogan Giglio-impaired.[1]  The opinion letter remained in Hogan's personnel file, and he was no longer able to work in law enforcement as a result.

Hogan appeared for his disciplinary appeal hearing together with his union legal representative.  Also in attendance were Ryan, Hart, and a human resources

---

[1] In Giglio v. United States, 405 U.S. 150, 154 (1972), the Supreme Court held that a criminal defendant has a right to be informed of evidence affecting a government witness's credibility.  Because law enforcement officers are typically called upon to serve as witnesses in criminal proceedings, where there is evidence calling into question an officer's credibility the officer is sometimes referred to as being Giglio-impaired.  Cf., e.g., Nguyen v. Dep't of Homeland Sec., 737 F.3d 711, 712, 715–16 (Fed. Cir. 2013).

director.  Hogan asked whether they had reconsidered his termination, but he was told "no" and informed that he could not ask any further questions.  Instead, Hogan was permitted only to present his side of the story.  Hogan asked Ryan about a notice of intent to convene a complaint review board[2] but received no response.  At the end of the hearing, Hogan's termination was upheld.

Later, Hogan again requested that a complaint review board be convened.  Acting in Ryan's absence, Hart denied the request, explaining that Hogan was "not under investigation, there were no external complaints, there was no internal administrative investigation or interrogation[,] and there was no recommendation through the chain of command for discipline."  The state attorney's office likewise refused to discuss Hogan's termination with him.

Hogan sought a writ of mandamus in state court directing Ryan to convene a complaint review board.  The state court ruled that Hogan had no clear legal right to have a complaint review board convened and dismissed Hogan's complaint without prejudice.  Hogan then filed the complaint in this case in state court seeking a declaratory judgment and damages against both the city and Ryan pursuant to 42 U.S.C. §§ 1983 and 1985(3).  Count one asserted a procedural due process violation

---

[2] A complaint review board, empaneled pursuant to section 112.532(2), Florida Statutes, serves to "provid[e] a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him."  Migliore v. City of Lauderhill, 415 So. 2d 62, 64 (Fla. 4th DCA 1982), aff'd, 431 So. 2d 986 (Fla. 1983) (emphasis added).

of Hogan's property right in his employment. Count two asserted a violation of Hogan's "Fourteenth Amendment substantive due process rights." Specifically, Hogan asserted that the city and Ryan "may not deprive [him] of fundamental rights under the constitution" and that "[t]he constitutional protections afforded to [him] are such that he has a property interest in his employment and good name." Finally, count seven asserted a conspiracy to violate Hogan's civil rights.[3]

The city and Ryan removed Hogan's action to the Northern District of Florida and moved to dismiss, arguing in part that Hogan failed to identify any protected rights for his substantive due process claim. In response, Hogan admitted that "there is no substantive right to a particular employment position" but claimed that "the stigma to which [he] has been subjected, undermining his right to any position in his chosen profession, is in fact protected by substantive due process." The city and Ryan then sought leave to file a limited reply, explaining that they did not brief Hogan's asserted liberty interest because that interest was not pleaded in Hogan's complaint. The district court agreed that Hogan had failed to plead a liberty interest and permitted the city and Ryan to file a reply.

The district court later granted the city and Ryan's motion to dismiss with prejudice. The district court concluded that Hogan failed to state a procedural due process claim in count one because "adequate state remedies existed" to protect his

---

[3] The remaining counts were voluntarily dismissed and are not at issue on appeal.

5

asserted interest.  For instance, the district court noted that "a post-termination administrative appeal was available to Hogan" and that "Hogan pursued this state administrative remedy, by requesting an appeal, attending an appeal hearing with a legal representative, and presenting arguments challenging his termination at the appeal hearing."  The district court also noted that Hogan could have sought "certiorari review" in a Florida state court.

As for count two, the district court concluded that Hogan did not adequately plead a substantive due process claim based on a liberty right.  The district court determined that Hogan instead pleaded "a substantive due process claim based on his alleged property right to employment."  The district court concluded that, as pleaded, Hogan's claim was "clearly foreclosed" by McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc), in which this court held that "an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component."

Finally, the district court concluded that Hogan failed to state a § 1985(3)[4] conspiracy claim in count seven because he "failed to identify an underlying constitutional right that was violated."  The district court further concluded that

---

[4] Hogan's complaint did not specify which subsection of § 1985 his claim was brought under.  The district court concluded that "neither . . . § 1985(1) nor (2), which prohibit conspiracies to interfere with the duties of an officer of the United States and conspiracies to obstruct justice by intimidating or threatening any party, witness, or juror, [we]re applicable."  We agree with the district court's assessment.

Hogan failed to state a claim "because [Hogan's complaint had] no allegations showing, or even suggesting, racial or class-based discriminatory animus behind the conspirators' actions," which the district court concluded was a requirement for a § 1985(3) claim. Moreover, the district court concluded that, "to the extent Hogan's § 1985 claim [wa]s premised on a conspiracy between [the city] and Ryan, or between any [city] employees, the claim [wa]s barred by the intracorporate conspiracy doctrine, which provides that 'a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves.'"

Hogan moved for reconsideration or, in the alternative, for leave to amend count two of his complaint to include a reference to a "'stigma plus' liberty interest." The district court denied the motion. The district court rejected Hogan's argument that it "clearly erred in finding that he failed to adequately allege a substantive due process claim based on a liberty-based interest." The district court stated that "Hogan did not so much as mention a liberty interest in Count II, and his allegations of a constitutionally protected property interest combined with his general allegations of reputational harm and Giglio impairment were insufficient to 'give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"

7

The district court likewise rejected Hogan's claim that it "clearly erred in dismissing Count II with prejudice." The district court noted that Hogan "did not seek leave to amend Count II until after [the] case was dismissed" and that it was "not required to give Hogan leave to amend Count II <u>sua sponte</u>." Even so, the district court concluded that any amendment would have been futile, because Hogan "could not state[] a substantive due process claim based on a 'stigma-plus' liberty interest." The district court concluded that "a 'stigma-plus' claim is only actionable as a procedural due process claim, not as a <u>substantive</u> due process claim." The district court concluded that Hogan's proposed amendment was both untimely and futile for the same reasons.

The district court rejected Hogan's claim that the district court clearly erred in "considering arguments" in the city and Ryan's reply to Hogan's motion to dismiss. The district court concluded that it was within its discretion to "consider new arguments or facts in a reply brief" and that "Hogan opened the door" to the arguments in the city and Ryan's reply because Hogan did not identify his supposed liberty interest until he did so in his response to their motion to dismiss. The district court stated that "Hogan [could not] justifiably argue that he should . . . be allowed to address [the city and Ryan's] <u>McKinney</u> arguments, especially when he could have requested leave to amend his complaint to correct the aforementioned deficiencies or file a sur-reply to address [their] arguments."

8

Case 3:18-cv-01332-MCR-HTC   Document 49   Filed 06/01/20   Page 9 of 17
Case: 19-12294   Date Filed: 06/01/2020   Page: 9 of 16

Finally, the district court rejected Hogan's claim that it "erred in dismissing Count VII for failure to identify an underlying constitutional right that was violated." The district court disagreed for the reasons discussed it both of its orders. Moreover, the district court noted "that it dismissed Count VII on multiple grounds, in addition to Hogan's failure to state a violation of an underlying constitutional right," and that Hogan "ma[de] no attempt to even address those separate grounds for dismissal in his . . . motion."

Hogan appealed both of the district court's orders.

## STANDARD OF REVIEW

"We review the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim de novo." Henley v. Payne, 945 F.3d 1320, 1326 (11th Cir. 2019). We accept as true the allegations in Hogan's complaint and construe them in the light most favorable to Hogan. Id. "We review the decision of the district court to grant or deny a request for leave to amend for abuse of discretion." Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009). We review the denial of a motion for reconsideration for an abuse of discretion. Rodriguez v. City of Doral, 863 F.3d 1343, 1349 (11th Cir. 2017).

## DISCUSSION

Hogan raises four issues on appeal: (1) whether the district court erred in dismissing his procedural due process claim in count one; (2) whether the district

court erred in dismissing his substantive due process claim in count two; (3) whether the district court erred in dismissing his conspiracy claim in count seven; and (4) whether the district court abused its discretion in denying Hogan leave to amend. We address each issue in turn.

<u>Dismissal of Hogan's Procedural Due Process Claim</u>

The district court dismissed Hogan's procedural due process claim because it concluded that Hogan had "adequate state remedies," such as his post-termination appeal hearing and certiorari review in a Florida state court. Hogan argues that no such remedies were available. He argues that his post-termination appeal hearing was inadequate because "[h]e was shut down and prohibited from asking questions, and his requests for additional review were ignored." He also claims that "[c]ertiorari review was not available" because "there was no record from which certiorari could be taken."

To state a § 1983 procedural due process claim, a plaintiff must allege "constitutionally-inadequate process." <u>Arrington v. Helms</u>, 438 F.3d 1336, 1347 (11th Cir. 2006) (citation omitted). "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." <u>McKinney</u>, 20 F.3d at 1557; <u>see also</u> <u>Cotton v. Jackson</u>, 216 F.3d 1328, 1331 (11th Cir. 2000) ("[A] section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural

deprivation . . . ."). We agree with the district court that Hogan failed to plead the lack of adequate state remedies.

Hogan's disciplinary appeal hearing was an adequate state remedy. As Hogan admitted in his complaint, he received notice of the basis for his termination. Moreover, Hogan admitted that he was permitted to (and indeed did) "present facts and/or information" at the hearing. In other words, he was afforded an opportunity to present his case. Nothing more is required. While a post-deprivation hearing must be "meaningful," see Buxton v. City of Plant City, 871 F.2d 1037, 1042 (11th Cir. 1989), there is no requirement that the employee be permitted to ask questions. Instead, "courts have required only that the claimant be accorded notice of the charges against him and an opportunity 'to support his allegations by argument however brief, and, if need be, by proof, however informal.'" Campbell v. Pierce County, 741 F.2d 1342, 1345 (11th Cir. 1984) (quoting Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 16 n.17 (1978)).

Certiorari review in a Florida state court was also an adequate state remedy. McKinney, 20 F.3d at 1563–64 (holding that a defendant had an adequate state remedy because he could have sought certiorari review in a Florida state court). Hogan did not plead that this remedy was unavailable to him. Nor could he have. Although he now argues that "there was no record from which certiorari could be taken," that argument is plainly contradicted by his admission that a disciplinary

11

appeal hearing took place in which he was afforded an opportunity to present his case. To the extent Hogan argues that the hearing was not transcribed or otherwise recorded, he could have sought to prepare a "stipulated statement" of the record or had a court reporter present at the hearing. See Fla. R. App. P. 9.200(a)(3); Fla. R. App. P. 9.190(c)(6); see also Fla. R. App. P. 9.200(b)(4) (permitting parties to prepare "a statement of the evidence or proceedings from the best available means"). Thus, Hogan has failed to state a procedural due process violation, and the district court did not err in dismissing count one.

## Dismissal of Hogan's Substantive Due Process Claim

The district court dismissed Hogan's substantive due process claim in part because it found that Hogan's asserted right—a "'stigma-plus' liberty interest"—was not a fundamental right protected by substantive due process. We agree with the district court that "a 'stigma-plus' claim is only actionable as a procedural due process claim, not as a substantive due process claim." Our precedent establishes that stigma-plus claims are analyzed under a procedural due process framework. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001) ("[A] plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation "plus" the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause." (emphasis added)); Cotton, 216 F.3d at 1330 ("[W]hen reputational

damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim . . . ." (emphasis added)); McKinney, 20 F.3d at 1555, 1560 (holding that plaintiff's allegations concerning loss of employment, including allegations regarding his purported "liberty interest in his good name and reputation," only supported a procedural due process claim). Our sister circuits' precedent establishes the same. See, e.g., Doe v. Mich. Dep't of State Police, 490 F.3d 491, 502 (6th Cir. 2007) ("Our review of the caselaw has failed to identify any case that applies the stigma-plus test to a substantive due process claim."); Segal v. City of New York, 459 F.3d 207, 213 (2d Cir. 2006) ("[S]tigma plus is a species within the phylum of procedural due process claims . . . ."). Accordingly, the district court did not err in dismissing count two.

### Dismissal of Hogan's § 1985(3) Conspiracy Claim

The district court dismissed Hogan's § 1985(3) conspiracy claim because Hogan failed to identify an underlying constitutional right that was violated. This was a sufficient basis for dismissal. See Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) ("Having concluded that Plaintiffs' substantive claims fail on the merits, their conspiracy claim fails as well because Plaintiffs would not have been 'deprived of any rights or privilege' by the Defendants' allegedly wrongful acts."); see also United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 833 (1983) (noting that § 1985(3) "provides no substantial rights itself" and that "[t]he

13

rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere" (citation omitted)).

Nevertheless, the district court also dismissed Hogan's conspiracy claim because the district court concluded that it was "barred by the intracorporate conspiracy doctrine." We agree. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). "Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." Id. The doctrine applies to claims arising under § 1985(3), id. at 1037–38, and likewise "applies to public entities such as [a city] and its personnel," Denney, 247 F.3d at 1190. Although Hogan alleged in a conclusory fashion that the city and Ryan, "together with others both inside [the city] and outside, intentionally and unlawfully caused [Hogan] to be terminated in violation of the Fourteenth Amendment[] . . . and to become Giglio impaired," Hogan failed to specifically identify any actors outside the city.[5] Instead, Hogan specifically alleged that it was the city and Ryan who "conspired to deprive [Hogan] of his property rights in his

---

[5] To be clear, Hogan did not allege that the state attorney was involved in the conspiracy. Indeed, Hogan alleged that "Ryan misrepresented the facts of [the] 2006 incident when he solicited the State Attorney's opinion."

14

employment by knowing of [Hogan's] closed investigation and causing and/or permit[ing] an investigation to be re-opened ten (10) years later, in violation of his constitutional rights and to having him Giglio impaired." "Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205–06 (11th Cir. 2007); see also Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."). Accordingly, the district court did not err in dismissing count seven.

## Denial of Leave to Amend

The district court denied Hogan leave to amend his complaint because the district court concluded that his request was untimely and futile. Both were valid reasons to deny leave to amend. As already noted, Hogan could not assert a substantive due process claim based on a "'stigma plus' liberty interest," so his amended complaint would still fail to state a claim. "[A] district court may deny a motion for leave to amend as futile 'when the complaint as amended would still be properly dismissed.'" EEOC v. STME, LLC, 938 F.3d 1305, 1320 (11th Cir. 2019) (citation omitted). Moreover, Hogan did not seek leave to amend until April 26, 2019—that is, after the district court had already entered judgment dismissing his complaint and well after the mutually-agreed deadline of December 1, 2018 (which

the district court adopted in its final scheduling order). Post-judgment, a plaintiff may seek leave to amend only "if he is granted relief under Rule 59(e) or Rule 60(b)(6)." See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). And a party moving for leave to amend after the expiration of a scheduling deadline must show "good cause" for why they could not diligently meet the deadline. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418–19 (11th Cir. 1998). Here, Hogan failed to explain why he did not seek leave to amend before the deadline—for instance, on August 7, 2008, when the district court explicitly acknowledged that Hogan failed to plead a liberty interest. Thus, the district court did not abuse its discretion in denying Hogan leave to amend.

## CONCLUSION

The district court did not err in dismissing counts one, two, and seven. Nor did the district court abuse its discretion in denying Hogan leave to amend.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 01, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-12294-EE
Case Style: Michael Hogan v. City of Fort Walton Beach, et al
District Court Docket No: 3:18-cv-01332-MCR-HTC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs